UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 25 C 5463 |
| v. ) | |
| ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' TRO MOTION**

Defendants, through undersigned counsel, request that the court vacate its temporary restraining order entered on July 12, 2025, because its factual premise — that the FY 2023 and 2024 Shelter and Services Program funds at issue in this case are at risk of being reprogrammed or redirected — is simply mistaken. Defendants state as follows in support:

1. Plaintiffs' motion for a temporary restraining order seeks to enjoin the defendants from reprogramming or transferring FY 2023 or FY 2024 funds from the Shelter and Services Program (SSP) to build and operate the so-called Everglade Alcatraz detention facility because those funds are subject to the contracting dispute underlying their complaint, and if reprogrammed, may moot plaintiffs' claims. Dkt. 32. Plaintiffs' TRO motion should be denied because it is based on a false factual premise. The Everglade detention facility is being funded from a continuing resolution for FY 2025, and no SSP funds from FY 2023 or FY 2024 are involved.

2. In their complaint and preliminary injunction motion, plaintiffs allege a variety of claims based upon allegedly unlawful funding decisions by the government involving SSP funds from FY 2023 and FY 2024. Dkt. 1, 28. The court entered a TRO through Wednesday, enjoining defendants from "reprogramming, transferring, de-obligating, or otherwise eliminating" SSP

program funds awarded or issued directly or indirectly to plaintiffs in this case, and directing defendants to respond to the TRO motion by July 14. Dkt. 34.

3. The court should terminate the TRO because the government is not using any SSP funds from FY 2023 or FY 2024 to fund the Everglade facility.

4. The FY 2025 continuing resolution appropriated an additional $650 million to DHS for sheltering and related services. See Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4 §§ 1101, 1701-1705. This is the funding being used for the grant to Florida to support the Everglade detention facility. 6/26/25 DHS Notice of Grant Award, attached as Exhibit A. No SSP funds from FY 2023 or FY 2024 — the funds that were obligated for the existing grants to plaintiffs — are impacted by the new program.

5. None of the media and other materials plaintiffs submitted in support of their TRO motion show otherwise. See Exhibits attached to Dkt. 33. These materials indicate that DHS will be using SSP funding for the new detention facility, but none maintains that DHS is using SSP funding from FY 2023 or FY 2024 to fund the project. See Pl. Mot. Ex. 1, 6/23/25 NYT Article (noting SSP funds to be used for detention facility but no reference to FY 2023-24 funds); Ex. 3, 7/9/25 Al Jazeera News (no reference to FY 2023-24 SSP funds); Ex. 4, 7/1/25, AP News (no mention of FY 2023-34 SSP funds); Ex. 5, 7/3/25 Richardson Decl. (announcing federal funding for Everglade facility but no reference to FY 2023-FY 2024 SSP funds); Ex. 8, 7/2/25 letter from Congressional members (no mention of SSP funding at all) Ex. 9, 7/8/25, Dropsite News, (noting that DHS is using SSP funds for detention facility, but no reference to FY 2023-34 funds).

6. Nor does the July 11, 2025 letter from Senator Murphy support plaintiffs' claim. Pl. Mot., Ex. 7. This letter simply describes DHS' request to transfer $430 million from its annual appropriations act but makes no reference to SSP funds from FY 2023 or FY 2024.

2

7. Accordingly, plaintiffs' suspicion that SSP funding from FY 2024 or FY 2025 — the funds that are at issue in this case — are impacted by the Everglades program is unfounded.

WHEREFORE, defendants request that the court vacate its July 12, 2025 TRO and that the court maintain the existing briefing schedule on the preliminary injunction motion.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Patrick Johnson
THOMAS P. WALSH
PATRICK JOHNSON
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5327
(312) 353-5312
thomas.walsh2@usdoj.gov
patrick.johnson2@usdoj.gov