UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 25 C 5463 ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) Judge Kennelly ) ) |
| Defendants. | ) ) |

# DEFENDANTS' MOTION TO CLARIFY
# SCOPE OF PRELIMANRY INJUNCTION ORDER

Defendants, through undersigned counsel, hereby move to clarify the scope of the court's order granting preliminary injunction, and in support state as follows:

1. The court issued its memorandum opinion on October 31, 2025, finding that plaintiffs were likely to succeed on their challenges to defendants' decision to withhold SSP funding and to terminate the SSP program. Dkt. # 58.

2. The court entered its order granting preliminary injunction on November 3, 2025, which orders that defendants are enjoined (1) from terminating the Shelter and Services Program for FY2023 and FY2024; and (2) from withholding SSP funding for those same years for the reasons defendants provided. Dkt. # 59. However, the order does not state whether the injunctive relief is *universal* and extends to all SSP grantees or applies only to plaintiffs in this case.

3. Defendants request that the court clarify that the injunction is not universal in scope but rather applies solely to the plaintiffs in this case. This clarification would be consistent with the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), where it addressed "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or

policy against anyone," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the plaintiff. *Id.* at 837–38.

4. The Supreme Court held that district courts do not have equitable powers to issue a "universal injunction," barring the defendant from enforcing "a law or policy against anyone." *Id*. at 837. Moreover, the Court emphasized that while courts in equity may fashion a remedy that provides the aggrieved party with "complete relief," the concept of "'complete relief' is not synonymous with 'universal relief.'" *Id*. at 851. And even "[c]omplete relief is not a guarantee— it is the maximum a court can provide." *Id*. at 854. "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief to the plaintiffs before the court." *Id*. at 852.

5. In this case, plaintiffs do not need a universal injunction that covers all SSP grantees in order to be afforded complete relief *for themselves*. Accordingly, this court should clarify the scope of preliminary injunction order to state that it only applies to plaintiffs in this case.

6. Such clarification would enable defendants to properly determine whether and how the court's preliminary injunction order affects other grantees, including the City of New York, which is currently adjudicating very similar issues in *City of N.Y. v. Trump*, No. 25-cv-1510 (S.D.N.Y. Feb. 28, 2025).

7. Undersigned counsel for defendants requested plaintiffs make several changes to the draft proposed order granting preliminary injunction before submitting it to the court, including that it clarify that the scope of the injunction applies only to plaintiffs in this case. Plaintiffs' counsel rejected this interpretation of the scope of the injunction, but incorporated defendants' other requested changes.

WHEREFORE, defendants request that the court clarify the scope of preliminary injunction order to state that it only applies to plaintiffs.

                                                                 Respectfully submitted,

                                                                 ANDREW S. BOUTROS
                                                                 United States Attorney

                                           By: s/ Patrick Johnson
                                                     THOMAS P. WALSH
                                                     PATRICK JOHNSON
                                                     Assistant United States Attorneys
                                                     219 S. Dearborn Street, 5th Floor
                                                     Chicago, Illinois 60604
                                                     (312) 353-5327
                                                     (312) 353-5312
                                                     thomas.walsh2@usdoj.gov
                                                     patrick.johnson2@usdoj.gov