UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| City of Chicago;<br>City and County of Denver; and<br>Pima County;<br><br>*Plaintiffs,*<br>vs.<br><br>United States Department of Homeland Security;<br>Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security;<br>United States Federal Emergency Management Agency;<br>David Robinson, in his official capacity as Acting Administrator of the Federal Emergency Management Agency;<br><br>*Defendants.* | Case No. 25-cv-5463<br><br>Hon. Matthew F. Kennelly |

## PLAINTIFFS' OPPOSITION TO MOTION TO MODIFY PRELIMINARY INJUNCTION ORDER

Defendants moved to modify the preliminary injunction order, Dkt 59, to clarify that it provides relief "only as to plaintiffs in this case." Dkt. 60 ¶ 2. Defendants request this relief because, they claim, it is consistent with *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), which limits the availability of nationwide injunctions. Plaintiffs oppose the motion and state as follows:

1. In its memorandum opinion granting Plaintiffs' request for preliminary injunction, Dkt. 58, this Court found, in relevant part, that Plaintiffs were likely to succeed on the merits of their claims that Defendants' "decision to freeze SSP funding as of March 11," as well as to "withhold SSP funds as of March 11 and eliminate the SSP as of April 1," were arbitrary and capricious agency actions in violation of the Administrative Procedure Act, 5 USC § 706(2).

1

2. Accordingly, the Court's November 3 order preliminarily enjoined Defendants from "eliminating or terminating the Shelter and Services Program as created in the 2023 and 2024 Congressional appropriations," and "withholding FY2023 and FY2024 Shelter and Services Program funding for the reasons identified in the March 11 and April 1 Letters." Dkt. 59.

3. "[W]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998); *see also Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 603 U.S. 799, 830 (2024) (Kavanaugh, J., concurring) ("When a federal court sets aside an agency action, the federal court vacates that order—in much the same way that an appellate court vacates the judgment of a trial court.").

4. In *CASA*, the Supreme Court limited district courts' ability to issue nationwide injunctions under their equitable powers, but explicitly declined to extend this holding to address "whether the [APA] authorizes federal courts to vacate federal agency action." *Trump v. CASA, Inc.*, 606 U.S. at 846 n.10; *see also id.* at 869 (Kavanaugh, J., concurring) ("To be sure, in the wake of the Court's decision, ... in cases under the Administrative Procedure Act, plaintiffs may ask a court to preliminarily 'set aside' a new agency rule.").

5. Lower courts applying *CASA* to suits brought under the APA have found that *CASA* does not preclude vacatur of unlawful agency actions under that statute. *See, e.g.*, *City of Columbus v. Kennedy*, CV 25-2114-BAH, 2025 WL 2426382 (D. Md. Aug. 22, 2025) (collecting cases and finding that "the limiting principle on universal or national injunctions announced in *CASA* does not apply to APA cases like the one at bar"); *Doctors for Am. v. Office of Pers. Mgmt.*, CV 25-322 (JDB), 2025 WL 1836009, at *22 (D.D.C. July 3, 2025) ("[A]s this is a case involving APA vacatur,

not a universal or national injunction, the Supreme Court's recent decision in [*CASA*] does not apply"); *Refugee & Immigrant Ctr. for Educ. & Legal Services v. Noem*, CV 25-306 (RDM), 2025 WL 1825431 at *51 (D.D.C. July 2, 2025), *appeal docketed*, 25-5243 (D.C. Cir.) (declining to vacate and enjoin agency action only "as to the individual plaintiffs and the organizational plaintiffs, while leaving it in place as to all others" because "the language of the APA, the controlling D.C. Circuit precedent, and decades of Supreme Court and D.C. Circuit practice leave little doubt that" unlawful agency action "must be 'set aside'—that is, cancelled, annulled, or revoked.").

6. Further, *CASA* emphasized that injunctive relief must be fashioned to "administer complete relief between the parties." 606 U.S. at 851. In *Nat'l TPS All. v. Noem*, 150 F.4th 1000 (9th Cir. 2025), the Ninth Circuit recently considered the form of "complete relief" appropriate in a suit brought by a membership organization challenging the vacatur of TPS status for all Venezuelans. Because those plaintiffs did not "challenge the eligibility determination for any particular TPS holder," the only "complete relief" available to the plaintiffs was to invalidate the TPS vacatur nationwide; limiting the agency's decision to only some TPS holders but not others would effectively replace "a single binary determination" – the agency action the plaintiffs challenged – "with a judicially created patchwork." *Id.* at 1028.

7. Here, the Court determined it lacked jurisdiction to consider individual termination decisions on each of Plaintiffs' grants but retained jurisdiction "over the plaintiffs' claims to the extent that they challenge the government's decision to freeze funding and terminate the SSP program." Dkt. 58 at 25. As in *NTPSA*, this Court considered, and found unlawful, the "binary determination" to (a) eliminate the program and (b) freeze funds. It is the wholesale elimination of the SSP and freeze of *all* funds under that program, in contravention of Congress's will, that the

3

Court found violated the Separation of Powers and therefore caused irreparable harm to Plaintiffs. Dkt 58 at 35-44, 55-56. The Court did not rule on the termination decision for any particular grantee and indeed found it could not do so. Thus, as in *NTPSA*, it would be unreasonable and unworkable to require this Court to supplant its decision with a "judicially created patchwork" that both fails to remedy this Separation of Powers violation and, instead, addresses individual termination decisions that the Court concluded were not within its jurisdiction.

For the reasons stated above, Plaintiffs respectfully oppose Defendants' Motion to Modify the Preliminary Injunction order.

Dated: November 7, 2025　　　　　Respectfully submitted,

| | | |
|---|---|---|
| Mary B. Richardson-Lowry<br>Corporation Counsel of the<br>City of Chicago | Michiko (Miko) Ando Brown,<br>City Attorney, City and County<br>of Denver | Laura Conover<br>Pima County Attorney |
| By: */s/ Lucy Prather*<br>Lucy Prather (IL Bar N. 6337780)<br>Stephen Kane (IL Bar N. 6272490)<br>121 North LaSalle Street, Room 600<br>Chicago, Illinois 60602<br>Tel: 312-744-4294<br>lucy.prather@cityofchicago.org<br>Stephen.kane@cityofchicago.org<br><br>*Attorneys for Plaintiff City of Chicago* | By: */s/ Katie McLoughlin*<br>Katie McLoughlin (CO Bar No. 51980)<br>Matthew J. Mulbarger (CO Bar No. 51918)<br>Denver City Attorney's Office<br>201 W Colfax Avenue<br>Denver, CO 80202<br>Tel: 720-913-8050<br>katie.mcloughlin@denvergov.org<br>matthew.mulbarger@denvergov.org<br><br>*Attorneys for Plaintiff City and County of Denver* | By: */s/ Bobby Yu*<br>Samuel E. Brown (AZ Bar No. 027474)<br>Bobby Yu (AZ Bar No. 031237)<br>Kyle Johnson (AZ Bar No. 032908)<br>Pima County Attorney's Office, Civil Division<br>32 N. Stone, Suite 2100<br>Tucson, Arizona 85701<br>Tel: (520) 724-5700<br>sam.brown@pcao.pima.gov<br>bobby.yu@pcao.pima.gov<br>kyle.johnson@pcao.pima.gov<br><br>*Attorneys for Plaintiff Pima County* |