IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, CITY AND COUNTY OF DENVER, and PIMA COUNTY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY UNITED STATES FEDERAL EMERGENCY MANAGEMENT AGENCY, and DAVID RICHARDSON, IN HIS OFFICIAL CAPACITY AS ACTING ADMINISTRATOR OF THE UNITED STATES FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>Defendants. | Case No. 25 C 5463 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The City of Chicago; the City and County of Denver, Colorado; and Pima County, Arizona have sued various government agencies and officials, challenging the government's decisions to freeze funding for and ultimately eliminate the Shelter and Services Program (SSP). The plaintiffs claim that the government's decisions are unconstitutional, ultra vires, and in violation of the Administrative Procedure Act (APA).

On June 20, 2025, the plaintiffs filed a motion for a preliminary injunction, asking the Court to order the government to unfreeze SSP funds and process pending and future SSP funding requests. The motion also asked the Court to preclude the

government from terminating the SSP and from withholding or terminating SSP grants. On October 31, 2025, the Court issued a decision granting the plaintiffs' motion in part. The Court concluded that the plaintiffs were likely to succeed on their claims that the government's decisions violated the separation of powers and were arbitrary and capricious in violation of the APA. On November 3, 2025, the Court entered a preliminary injunction order precluding the government from terminating the SSP or withholding SSP funds for the reasons challenged by the plaintiffs as arbitrary and capricious.

The government has filed a motion asking the Court to clarify that the preliminary injunction applies only to the plaintiffs in this case, rather than all SSP grantees. For the reasons below, the Court denies the government's motion.

## Discussion

The government's sole argument in support of its motion is that limiting the injunction to cover only the plaintiffs "would be consistent with the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025)." Mot. to Clarify ¶ 3. In *CASA*, the Supreme Court held that "universal injunctions"—injunctions prohibiting enforcement of a law against anyone—likely exceed the federal courts' authority under the Judiciary Act of 1789. *CASA*, 606 U.S. at 837–38. Instead, an injunction that extends to nonparties is appropriate only when necessary to provide complete relief to the plaintiffs. *Id.* at 851–52, 861.

The Court in *CASA*, however, expressly declined to resolve whether the same limitations define the federal courts' remedial powers under the APA. *Id.* at 847 n.10 ("Nothing we say today resolves the distinct question whether the Administrative

Procedure Act authorizes federal courts to vacate federal agency action."). The reason for the caveat is that the question has recently been the subject of significant debate among scholars, judges, and now Supreme Court Justices. *Contrast Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.,* 603 U.S. 799, 826–43 (2024) (Kavanaugh, J., concurring) (stating that the APA authorizes vacatur), *with United States v. Texas*, 599 U.S. 670, 695–704 (2023) (Gorsuch, J., concurring) (expressing doubts about whether vacatur is authorized or appropriate).

APA section 706, titled "Scope of review," provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions" found to be, *inter alia*, arbitrary and capricious or contrary to law. 5 U.S.C. § 706. That provision has long been understood to authorize "vacatur"—vacating an agency action in its entirety, "rather than merely . . . enjoin[ing] enforcement . . . against the specific plaintiffs." *See Corner Post*, 603 U.S. at 830–31 (Kavanaugh, J., concurring). In the past few years, the settled understanding that the APA authorizes vacatur (and an interim stay) of agency actions has come under scrutiny.

In 2023, Justice Gorsuch voiced some of those doubts in his concurring opinion in *United States v. Texas*. Justice Gorsuch began by suggesting that Congress, by passing the APA in 1946, did not intend to "overthrow the 'bedrock practice of case-by-case judgments with respect to the parties in each case' and vest courts with a 'new and far-reaching' remedial power." *Texas*, 599 U.S. at 695 (quoting *Arizona v. Biden*, 40 F.4th 375, 396 (6th Cir. 2022) (Sutton, C.J., concurring)). Turning to the text of the APA, Justice Gorsuch pointed out that the "set aside" language may simply mean that a court should disregard the agency action in its review, as opposed to authorizing

vacatur. *Id.* at 695–96. He also reasoned that APA section 703, rather than section 706, might provide the remedies available under the APA. *Id.* at 696–99. Section 703, titled "Form and venue of proceeding," provides in relevant part that "[t]he form of proceeding for judicial review is . . . any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction." 5 U.S.C. § 703. On that reading, Justice Gorsuch said, the APA may merely "confirm the availability of . . . traditional equitable relief." *Texas*, 599 U.S. at 700 (Gorsuch, J., concurring). And after *CASA*, traditional equitable relief must generally be limited to protect only the plaintiffs. As for the longstanding practice of lower courts ordering vacatur, Justice Gorsuch responded that those decisions are not binding on the Supreme Court, though he noted that "to the extent those decisions are carefully reasoned, they merit respectful consideration." *Id.* at 701. Ultimately, despite his doubts regarding vacatur, Justice Gorsuch emphasized that he did not view the matter as "open and shut," acknowledging that "[t]houghtful arguments and scholarship exist on both sides of the debate." *Id.*

In 2024, Justice Kavanaugh, in a concurring opinion in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, defended vacatur from similar critiques by the government. Justice Kavanaugh reasoned that vacatur is necessary to provide a remedy for a common type of plaintiff—an unregulated plaintiff challenging the government's regulation of a third party because the plaintiff is adversely affected by the downstream consequences. *Corner Post*, 603 U.S. at 826–29 (Kavanaugh, J., concurring). Justice Kavanaugh also stated that "[t]he text and history of the APA authorize vacatur," noting that "set aside" meant "cancel, annul, or revoke" at the time

4

Congress enacted the APA. *Id.* at 829–30 (quoting Black's Law Dictionary 1612 (3d ed. 1933)). Moreover, Justice Kavanaugh emphasized that "[l]ongstanding precedent reinforces" the availability of vacatur. *Id.* at 830. Justice Kavanaugh additionally rejected the argument that section 703 dictated the remedies available under the APA, observing that the text of section 706 is "unmistakably" remedial whereas section 703 "'speaks to venue and forms of proceedings, not to remedies.'" *Id.* at 838–39 (quoting Mila Sohoni, The Past and Future of Universal Vacatur, 133 Y.L.J. 2304, 2337 (2024)). Unlike Justice Gorsuch, who declined to take a definitive position on the question, Justice Kavanaugh made clear that he "agree[s] with the longstanding consensus—a consensus based on text, history, precedent, and common sense—that vacatur is an appropriate remedy when a federal court holds that an agency rule is unlawful." *Id.* at 842–43.

The above summary is an incomplete sketch of the debate over vacatur, but it contains two key points. First, courts have long understood the APA to authorize vacatur. Second, the Supreme Court has not decided otherwise. Though some Justices have suggested one view or another, they have done so in concurring opinions only. And Justice Gorsuch, despite amassing arguments against vacatur, was clear that he did not view the matter as open and shut. *CASA* also does not speak to the propriety of vacatur. In addition to expressly reserving the question, *CASA*'s reasoning does not extend to the APA. *CASA* addressed only the statutory question of the federal courts' authority under the Judiciary Act of 1789 and the background equitable principles that it incorporated. *CASA*, 606 U.S. at 841 n.4. But the APA, as it has been understood for decades, departed from those background equitable principles. *See*

*Corner Post*, 603 U.S. at 838 (Kavanaugh, J., concurring) ("[N]ationwide injunctions would be permissible only if Congress authorized them. But in the APA, Congress did in fact depart from that baseline and authorize vacatur.").

In the absence of a binding decision to the contrary, this Court declines to abandon the longstanding view that the APA authorizes vacatur. Nearly all, if not all, courts that have considered the issue since *CASA* have similarly held that vacatur remains an available remedy for APA claims. *See, e.g.*, *Doe v. Trump*, No. 25 C 3140-JSW, 2025 WL 2430494, at *3 (N.D. Cal. Aug. 22, 2025) (citing cases); *City of Columbus v. Kennedy*, No. 25-2114-BAH, 2025 WL 2426382, at *33–*34 (D. Md. Aug. 22, 2025) (same); *Am. Fed'n of Tchrs. v. Dep't of Educ.*, No. SAG-25-628, 2025 WL 2374697, at *32–*33 (D. Md. Aug. 14, 2025); *Coal. for Humane Immigrant Rts. v. Noem*, No. 25 C 872 (JMC), 2025 WL 2192986, at *37–*38 (D.D.C. Aug. 1, 2025). And because the plaintiffs in this case have brought APA claims, vacatur would be an appropriate or even the presumptive remedy if those claims are successful. *See Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 663 (7th Cir. 2015) (citing *Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1151 (D.C. Cir. 2005)). As a result, the preliminary injunction in this case—based in part on a finding that the government's decisions to freeze SSP funds and terminate the program likely violated the APA—need not be limited to the plaintiffs. Instead, the Court has authority to preliminarily stay or set aside those agency actions. *See CASA*, 606 U.S. at 873 (Kavanaugh, J., concurring) (noting that even after *CASA*, district courts may "grant or deny the functional equivalent of a universal injunction—for example, by . . . preliminarily setting aside or declining to set aside an agency rule under the APA"); 5

U.S.C. § 705.

## Conclusion

For the reasons stated above, the Court denies the government's motion to clarify [dkt. no. 60]. Based on the joint status report filed on November 10, 2025, the telephonic status hearing set for November 14, 2025 is vacated. A joint status report with a proposed schedule for any further proceedings that are needed to bring this case to a conclusion is to be filed on November 24, 2025. The case is set for a telephonic status hearing on December 2, 2025 at 9:10 AM, using call-in number 650-479-3207, access code 2305-915-8729.

Date: November 13, 2025

_____
MATTHEW F. KENNELLY
United States District Judge