**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| City of Chicago;<br>City and County of Denver; and<br>Pima County;<br><br>        *Plaintiffs,*<br><br>  vs.<br><br>United States Department of Homeland Security; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; United States Federal Emergency Management Agency; Karen S. Evans,[1] in her official capacity as Acting Administrator of the Federal Emergency Management Agency;<br><br>        *Defendants.* | Case No. 25-cv-5463<br><br>Hon. Matthew F. Kennelly |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION OR, ALTERNATIVELY, REQUIRE COMPLIANCE WITH 2 C.F.R. § 200.305(b)(3)**

In October, this Court preliminarily enjoined Defendants from withholding funding under FEMA's Shelter and Services Program ("SSP") for the reasons Defendants identified in letters sent to SSP grantees and from terminating the SSP grant program as created by 2023 and 2024 Congressional appropriations. Since then, Defendants have not resolved reimbursement requests submitted by Plaintiffs or, on information and belief, any other SSP grantee. Nor have Defendants reopened the portal through which grantees could submit future reimbursement requests. Defendants are, in effect, continuing the funding freeze and termination of the SSP grant program, in violation of the preliminary injunction.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Plaintiffs substitute Karen S. Evans as a Defendant in place of David Richardson, who recently resigned from his position as FEMA's Acting Administrator.

1

Plaintiffs therefore request that this Court find the defendants in violation of the preliminary injunction and order them to resolve pending reimbursement requests and accept new reimbursement requests. In the alternative, Plaintiffs request a declaration that Defendants violated a regulation requiring decisions on reimbursement requests within 30 days, as well as an order requiring Defendants to comply with that regulation. Defendants have done absolutely nothing in response to this Court's preliminary injunction order, thereby continuing the illegal funding freeze and termination of the SSP program. Plaintiffs have waited for one-year-and-counting for decisions on their reimbursement requests. It is long past time for Defendants to comply with the law.

## BACKGROUND

From December 2024 through February 2025, Plaintiffs submitted five reimbursement requests and the State of Illinois submitted one on Chicago's behalf under a pass-through grant, seeking a total of about $55 million. Dkt. 28-5 ¶ 18; Dkt. 28-4 ¶¶ 16, 20; Dkt. 28-2 ¶ 24; Dkt. 28-1 ¶ 12. Although Defendants had approved budget amendments supporting these requests and authorized Plaintiffs to seek reimbursement, Defendants have not reimbursed Plaintiffs for any of these requests. Dkt. 28-5 ¶¶ 17-18; Dkt. 28-4 ¶¶ 13, 17,19, 21; Dkt. 28-2 ¶¶ 19, 24,32-33; Dkt. 28-1 ¶¶ 8-9, 12.

On or about March 11, 2025, FEMA's then-Acting Administrator sent a form letter to SSP grantees ("March 11 Letter"). *E.g.*, Dkt. 28-5 ¶ 26 & Dkt. 28-5 at 9–11. The March 11 Letter informed grantees that "DHS/FEMA is temporarily withholding payments to your organization." Dkt. 28-5 at 9. The March 11 Letter cited "concerns" that unidentified "entities" receiving SSP funding "may" have violated 8 U.S.C. § 1324(a), which criminalizes knowingly sheltering or transporting a person who is in the United States "in violation of law." *Id.*

On April 1, 2025, FEMA sent another form letter to SSP grantees ("April 1 Letter"), terminating all SSP grants as well as the entire Shelter and Services Program. *E.g.*, Dkt. 28-5 at 13–14. The April 1 Letter directed grantees to "closeout" their grants by submitting specified documentation, including a request for "all allowable costs incurred before [March 11, 2025]." *Id.* at 14. Following the April 1 Letter, grantees lost access to their SSP grants in the FEMA online portal through which grantees would typically submit closeout documentation. Dkt. 28-5 ¶ 28. Instead, on April 24, 2025, FEMA instructed SSP grantees to submit closeout materials—including a "Final request for payment"—via email. Dkt. 28-5 at 16–17.

By July 2025, Plaintiffs and the State of Illinois (acting as a pass-through for Chicago) had submitted under protest the closeout documentation that FEMA had required. Doheny Dec., *attached as Exhibit* 1, ¶¶ 6–8; Martinez Dec., *attached as Exhibit* 2, ¶ 4; Guzman Dec., *attached as Exhibit* 3, ¶ 4; Walker Dec., *attached as Exhibit* 4, ¶¶ 4–7. At Defendants' direction, Plaintiffs and the State of Illinois resubmitted documentation supporting their prior unreimbursed requests (i.e., the requests submitted from December 2024 through February 2025) and submitted additional reimbursement requests. Doheny Dec. ¶¶ 6–8; Martinez Dec. ¶ 6; Guzman Dec. ¶ 6; Walker Dec. ¶ 7. In total, these requests seek $87,127,854.65 in reimbursements. Doheny Dec. ¶¶ 4–8; Martinez Dec. ¶ 6; Guzman Dec. ¶ 6; Walker Dec. ¶ 7.

Meanwhile, Plaintiffs filed this lawsuit in May 2025 and moved for a preliminary injunction in June 2025. The Court granted Plaintiffs' motion in part, preliminarily enjoining Defendants from "withholding FY2023 and FY2024 Shelter and Services Program funding for the reasons identified in the March 11 and April 1 Letters." Dkt. 59 at 2. The Court explained: "Given that the [SSP] funds can no longer be awarded to other grantees, the defendants' refusal to reimburse the plaintiffs likely runs afoul of the separation of powers." Dkt. 58 at 42. Moreover,

3

the Court held that Plaintiffs "are likely to succeed on their claim that DHS / FEMA's decision to freeze SSP funding" violates the Administrative Procedure Act because the reasons that Defendants identified for the freeze in the March 11 and April 1 Letters are arbitrary and capricious. *Id.* at 53-54. The Court contemplated that its order would "reopen [] the opportunity for the plaintiffs to submit reimbursement requests" in the future. *Id.* at 28. The Court later confirmed that its order applies to all SSP grantees. Dkt. 67.

Since the Court's orders, Defendants have neither reopened the portal through which SSP grantees could submit reimbursement requests nor responded to any of Plaintiffs' reimbursement requests. Doheny Dec. ¶¶ 9–10; Martinez Dec. ¶¶ 7–8; Guzman Dec. ¶¶ 7–8. Defendants nevertheless assert that Plaintiffs' reimbursement requests "are not frozen" because Defendants are "processing" those requests and have not yet determined whether the requests are "potentially improper." Dkt. 69 ¶ 4. Defendants "expect []" to resolve SSP grantees' reimbursement requests by April 1, 2026. *Id.*

## ARGUMENT

### I. Defendants Violated the Preliminary Injunction.

Plaintiffs have submitted unresolved reimbursement requests, one of which has been pending for a year and all of which have been pending for more than 30 days. When a federal agency uses "the reimbursement method" under a grant, the agency must pay the grantee "within 30 calendar days after receipt of the payment request unless the Federal agency … reasonably believes the request to be improper." 2 C.F.R. § 200.305(b)(3). The March 11 Letter "temporarily with[held] payments to [SSP grantees] pursuant to 2 C.F.R. § 200.339(a)," Dkt. 28-5 at 9, which permits temporary withholding until the grantee corrects a violation of federal law. The March 11 Letter explained that Defendants froze SSP funding due to unspecified "concerns" that grantees

"may" have violated 8 U.S.C. § 1324. *Id.* Defendants appear to have relied on these "concerns" to avoid compliance with 2 C.F.R. § 200.305(b)(3).

This Court, however, preliminarily "enjoined the defendants from freezing SSP funding" for the reasons identified in the March 11 Letter. Dkt. 58 at 2. The Court explained that Defendants "provided *no* factual support for the assertion that SSP funding was going to SSP entities in violation of, or that facilitated violation of, federal law" (i.e., 8 U.S.C. § 1324). *Id.* at 53-54. The preliminary injunction therefore precludes Defendants from relying on the March 11 Letter's reasoning to "temporarily" withhold funding under 2 C.F.R. § 200.339(a) and avoid compliance with 2 C.F.R. § 200.305(b)(3). Accordingly, Defendants have violated the preliminary injunction by failing to respond to Plaintiffs' reimbursement requests within 30 days. Even apart from section 200.305(b)(3), Defendants cannot comply with a preliminary injunction lifting a funding freeze by withholding reimbursement decisions for another five months (i.e., from October 31, 2025 through April 1, 2026).

Defendants' violation appears to extend beyond the parties to this case. According to the official repository of federal spending data, Defendants have not reimbursed a single SSP grantee this year. *See* Zemke Dec., *attached as Exhibit* 5, ¶¶ 3–6. Nor, on information and belief, have Defendants otherwise responded to any SSP grantee's reimbursement request this year.

In a recent joint status report, Defendants argued that Plaintiffs' reimbursement requests "are not frozen" because Defendants "are processing" the requests but "have not yet" decided whether they are "potentially improper" under 2 C.F.R. § 200.305(b)(3). Dkt. 69 ¶ 4. By that logic, the Court's order preliminarily enjoining the funding freeze would be meaningless. Defendants could continue the funding freeze indefinitely simply by sitting on reimbursement requests.

Defendants' logic would also make 2 C.F.R. § 200.305(b)(3) meaningless: an agency could always withhold reimbursement beyond 30 days by asserting that the agency has not yet decided whether the request is improper. That is not how section 200.305(b)(3) works. It allows an agency to withhold reimbursement when the agency reasonably believe that a grantee's request is improper, not when (as here) the agency has failed to determine whether the grantee's requests are even "potentially" improper. If Defendants require more than the four-to-twelve months that they have already had to consider Plaintiffs' requests, Defendants themselves suggested that they have a remedy: Defendants maintain that they may claw back funds they disbursed in response to an improper reimbursement request. *See* Dkt. 28-5 at 14. Therefore, if Defendants reimburse Plaintiffs now, then under Defendants' view they may later pursue whatever claw back remedies are available should Defendants determine that Plaintiffs' requests were improper.

Defendants suggest that Plaintiffs should be more patient that they already have been, asserting that Defendants "expect []" to determine whether Plaintiffs' requests are "potentially improper" by April 1, 2026. Dkt. 69 ¶ 4 (citing 2 C.F.R. § 200.344(h)). Beyond violating the preliminary injunction and 2 C.F.R. § 200.305(b)(3), Defendants' assertion is cold comfort. The regulation that Defendants cite directs agencies to "make every effort to complete all closeout actions no later than one year after the end of the period of performance." 2 C.F.R. § 200.344(h). Even if the period of performance ended on April 1, 2025,[2] section 200.344(h) states only that agencies should make "every effort" to complete closeout actions within one year. Given that Defendants have violated mandatory obligations identified in 2 C.F.R. § 200.305(b)(3), there is

---

[2] The period of performance for Plaintiffs' 2024 SSP grants ran through September 2026. *See, e.g.*, Dkt. 28-5 at 9. Defendants apparently contend that the April 1 Letter ended the period of performance early (i.e., on April 1, 2025). But this Court held that April 1 Letter's reasoning for ending SSP was unlawful, Dkt. 58 at 54-55, suggesting that April 1 Letter's identical reasoning for terminating Plaintiffs' grants was likewise unlawful. *See id.* at 25. If so, the one-year period contemplated by 2 C.F.R. § 200.344(h) extends into September 2027, requiring Plaintiffs to wait even longer for Defendants' decisions.

little reason to believe that Defendants will satisfy discretionary directions identified in 2 C.F.R. § 200.344(h). Regardless, Plaintiffs should not be required to wait up to 16 months (i.e., from December 2024 to April 2026) to learn whether Plaintiffs will be reimbursed for costs that Plaintiffs fronted at Defendants' request.

Finally, the Court contemplated that its order would "reopen []" grantees' ability to submit future reimbursement requests. Dkt. 58 at 28. Yet in the roughly seven weeks since the Court's order, Defendants have not allowed grantees to submit reimbursement requests through the portal that Defendants use for such requests. *See, e.g.*, Doheny Dec. ¶ 10; Guzman Dec. ¶ 8. Grantees that did not seek full reimbursement through the unlawful closeout process thus cannot seek reimbursement now. Moreover, some grantees spent far more money providing shelter and services for migrants than the grantees received under SSP. *See, e.g.*, Dkt. 28-5 ¶ 4. If Defendants reject reimbursement for certain costs identified by these grantees during the closeout process, then the grantees cannot use the portal to request reimbursement for their other costs. In this way too, Defendants have violated the preliminary injunction.

## II. Alternatively, The Court Should Declare That Defendants Violated 2 C.F.R. § 200.305(b)(3).

Pursuant to 28 U.S.C. § 2201, the complaint requests a declaration that Defendants acted unlawfully by "withholding funding for more than 30 days." Dkt. 1, Prayer for Relief ¶ ii; *accord id.* ¶¶ 160, 226; *see also* Dkt. 27 at 1 (requesting that "the Court order Defendants to … process pending and future requests for reimbursement under [SSP] in accordance with 2 C.F.R. § 200.305(b)(3)"). Defendants disagree that they have violated 2 C.F.R. § 200.305(b)(3), asserting that they "have not yet" determined whether Plaintiffs' reimbursement requests are "potentially improper" and need not make that determination until at least April 2026. Dkt. 69 ¶ 4. This case therefore presents "a substantial controversy, between parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Am. Int'l Grp.*, 840 F.3d 448, 451 (7th Cir. 2016).

The Court should declare that Defendants have violated 2 C.F.R. § 200.305(b)(3) and order Defendants to comply with that regulation. Again, section 200.305(b)(3) requires Defendants to reimburse Plaintiffs "within 30 calendar days after receipt of the payment request unless [Defendants] reasonably believe [] the request to be improper." 2 C.F.R. § 200.305(b)(3). Defendants have not responded to reimbursement requests that Plaintiffs submitted more than 30 days ago. The Court held that the only reasoning that Defendants have offered for not reimbursing Plaintiffs—the reasoning identified in the March 11 Letter—was arbitrary and capricious. Defendants recently confirmed that they lack a reasonable belief that Plaintiffs' reimbursement requests are improper, stating that they "have not yet" decided whether the requests are "potentially improper." Dkt. 69 ¶ 4. Defendants therefore violated 2 C.F.R. § 200.305(b)(3) by failing to resolve Plaintiffs' reimbursement requests within 30 days and should be ordered to comply with that regulation. *See* 5 U.S.C. § 706.

## CONCLUSION

The Court should grant Plaintiffs' motion to enforce the preliminary injunction and order Defendants to resolve SSP grantees' reimbursement requests forthwith. Alternatively, the Court should declare that Defendants violated 2 C.F.R. § 200.305(b)(3) and order Defendants to comply with that regulation.


Dated: December 19, 2025
Respectfully submitted,

8

Mary B. Richardson-Lowry
Corporation Counsel of the
City of Chicago

By: */s/ Stephen Kane*
Stephen Kane (IL Bar N.
6272490)
Rachel Zemke (IL Bar N.
6324891)
121 North LaSalle Street,
Room 600
Chicago, Illinois 60602
Tel: 312-744-6934
Stephen.kane@cityofchicago.org
rachel.zemke@cityofchicago.org
*Attorneys for Plaintiff City of
Chicago*

Michiko (Miko) Ando Brown,
City Attorney, City and County
of Denver

By: /s/ *Matthew Mulbarger*
Matthew J. Mulbarger (CO Bar
No. 51918)
Denver City Attorney's Office
201 W Colfax Avenue
Denver, CO 80202
Tel: 720-913-8050
matthew.mulbarger@denvergov.org
*Attorney for Plaintiff City and
County of Denver*

Laura Conover
Pima County Attorney

By: */s/ Kyle Johnson*
Samuel E. Brown (AZ Bar
No. 027474)
Bobby Yu (AZ Bar No.
031237)
Kyle Johnson (AZ Bar No.
032908)
Pima County Attorney's
Office, Civil Division
32 N. Stone, Suite 2100
Tucson, Arizona 85701
Tel: (520) 724-5700
sam.brown@pcao.pima.gov
bobby.yu@pcao.pima.gov
kyle.johnson@pcao.pima.gov
*Attorneys for Plaintiff
Pima County*