UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | No. 25 C 5463 |
| v. | ) | |
| | ) | Judge Kennelly |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO ENFORCE PRELIMINARY INJUNCTION**

**Introduction**

Plaintiffs allege that the Department of Homeland Security failed to comply with the court's preliminary injunction order because it has not yet paid or otherwise resolved outstanding reimbursement claims under the government's Shelter and Services Program (SSP) and because it failed to allow plaintiffs to submit reimbursement claims for future work through the SSP payment portal. But the court's injunction does not direct the government to pay or resolve plaintiffs' outstanding SSP claims, or to reopen any payment portal. The injunction simply prohibits DHS from freezing SSP funding or terminating the SSP program based on the reasons articulated in its March 11 and April 1, 2025 letters. FEMA is doing no such thing. DHS is in fact processing the City's outstanding SSP reimbursement claims (through the established closeout process). The injunction does not require DHS to reopen the payment portal for submission of claims that are being processed through the closeout process. That would be redundant at a minimum. As a result, all of plaintiffs' pre-termination reimbursement claims are now being processed under the grant termination close-out process, and plaintiffs can no longer submit reimbursement claims for post-termination work through the portal. Plaintiffs never mention in their brief that their SSP grants have been terminated or that any claims arising from their grant termination must be adjudicated

in the Court of Federal Claims. Understanding this explains why DHS has not violated the court's preliminary injunction order.

## Argument

This court made clear in its memorandum opinion that any claims challenging the government's termination of plaintiffs' SSP grants properly belong in the Court of Federal Claims rather than the district court. 10/31/25 Mem. Op. and Order (Dkt. 58 at 9-28) (claims that the government's SSP grant "termination decisions were unlawful, and any remedy (whether by judgment, declaration, or injunction), would ultimately amount to an obligation to pay retrospective claims for money" and thus belong in the claims court). The court nevertheless concluded it did have jurisdiction over two of plaintiffs' claims: (1) that DHS improperly froze plaintiffs' reimbursement requests for existing obligations; and (2) that DHS improperly terminated the SSP program. *Id.* Specifically, the court found that the reasoning DHS provided for these two decisions was improper and did not support the decisions. However, consistent with its jurisdictional holding regarding the grant termination claims, the court did not direct DHS to *pay* plaintiffs' reimbursement claims, nor did it require DHS to reopen the portal to allow plaintiffs to submit *future* claims. Dkt. 59. Not only did the court not direct DHS to take such affirmative action; it left open the possibility that defendants could provide some alternative explanation to justify its actions.

That is precisely what occurred here. DHS has not yet paid outstanding reimbursement claims simply because plaintiffs' grants have been terminated. As a result, all of plaintiffs' SSP reimbursement claims for pre-termination work are being resolved through a termination closeout process under 2 C.F.R. § 200.344, where the DHS reviews and reconciles all outstanding and allowable expenses incurred prior to grant termination in order to make a final grant payment to

the grantees, which is expected in this case by April 1, 2026. DHS advised plaintiffs of this closeout process when it terminated their SSP grants.

Contrary to plaintiffs' claims, this does not constitute a violation of 2 CFR § 200.305(b)(3), nor render that provision meaningless. This simply means that when the government terminates a grant and initiates closeout procedures, then 2 CFR § 200.305(b)(3) no longer applies.[1] In other words, had DHS not terminated plaintiffs' grants in this case, then 2 CFR § 200.305(b)(3) would still apply and DHS presumably would comply with the court's injunction by either paying plaintiffs their requested reimbursement claims or by articulating a separate reason for not paying them (other than the reason invalidated by the court). But in a case like this where the government has terminated the grants at issue, all outstanding reimbursement requests are resolved as part of the closeout reconciliation process under 2 CFR § 200.344(h). For this same reason, the court should reject plaintiffs' request that the court find the government has violated either the preliminary injunction order or 2 CFR § 200.305(b)(3).

Similarly, the court's preliminary injunction cannot reasonably be interpreted to require DHS to reopen the SSP payment portal to allow submission of reimbursement claims for future work under the SSP program. First, since DHS terminated the SSP grants, plaintiffs are not entitled to submit reimbursement claims for future SSP work. Allowing plaintiffs to submit claims for post-termination SSP work would essentially overturn the grant termination decision, and as this

---

[1] Statements made in the parties' July 30, 2025 joint status report (Dkt. 69) do not suggest otherwise. Defendants did not represent in that status report that plaintiffs' closeout reimbursement claims are being reviewed *pursuant to 2 C.F.R. § 200.305(b)(3)*. Rather, the status report simply notes that all of plaintiffs' pre-termination SSP reimbursement claims submitted in connection with the closeout process under 2 C.F.R. § 200.344(h) are being evaluated to determine whether they are proper and should be paid as part of the closeout process. DHS affirmatively rejected plaintiffs' claim that this must be done within 30 days. Dkt. 69 at 2.

3

court ruled, all challenges to DHS' grant terminations must be brought in the Court of Federal Claims.

Second, it is undisputed that plaintiffs have submitted SSP reimbursement claims for all pre-termination work pursuant to the closeout process. So there is no need to reopen the SSP payment portal to allow claims that have already been submitted and are under review to be submitted *again* through the portal. Nevertheless, plaintiffs suggest they are still at a disadvantage if their reimbursement claims are reviewed through the closeout process rather than the pre-termination process. Plaintiffs contend that only through the pre-termination process are grantees allowed to submit alternative SSP expenses in the event DHS rejects the initial SSP expenses submitted. This is speculative and does not support plaintiffs' claim that the SSP payment portal must be reopened. Plaintiffs cannot establish that their reimbursement claims will be denied, and in any event, this is an issue better addressed when the closeout process is being finalized.

### Conclusion

For these reasons, this court should deny plaintiffs' motion to enforce the preliminary injunction or, alternatively, require compliance with 2 C.F.R. § 200.305(b)(3).

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Patrick Johnson
THOMAS P. WALSH
PATRICK JOHNSON
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5327
(312) 353-5312
thomas.walsh2@usdoj.gov
patrick.johnson2@usdoj.gov