UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| City of Chicago;<br>City and County of Denver; and<br>Pima County;<br><br>     *Plaintiffs,*<br> vs.<br><br>United States Department of Homeland Security;<br><br>Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security;<br><br>United States Federal Emergency Management Agency;<br><br>Karen Evans in her official capacity as Acting Administrator of the Federal Emergency Management Agency;<br><br>     *Defendants.* | Case No. 25-cv-5463<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ENFORCE THE PRELIMINARY INJUNCTION, OR, ALTERNATIVELY, REQUIRE COMPLIANCE WITH 2 C.F.R. § 200.305(b)(3)**

  This Court preliminarily enjoined Defendants from freezing SSP funding for the reasons articulated in Defendants' March and April 2025 letters. Two-and-a-half months later, Defendants still have not resolved Plaintiffs' long-pending reimbursement requests. Defendants are instead continuing the funding freeze in violation of the preliminary injunction and 2 C.F.R. § 200.305(b)(3). Plaintiffs therefore request that the Court order Defendants to resolve Plaintiffs' reimbursement requests forthwith.

1

I. **The Court Should Order Defendants To Resolve Plaintiffs' Reimbursement Requests.**

Plaintiffs' opening brief showed that Defendants violated the preliminary injunction and 2 C.F.R. § 200.305(b)(3) by failing to resolve Plaintiffs' reimbursement requests. Defendants initially responded to Plaintiffs' position in a joint status report by suggesting that Defendants are complying with section 200.305(b)(3) but "have not yet" decided whether Plaintiffs' requests are "potentially improper" under that regulation. Dkt. 69 ¶ 4. That response does not demonstrate compliance with section 200.305(b)(3), *see* Dkt. 75 at 5–6, which Defendants do not dispute.

Defendants' response to Plaintiffs' motion instead changes course, arguing that section 200.305(b)(3) "no longer applies" because Defendants terminated Plaintiffs' grants and are resolving reimbursement requests under the closeout process set forth in 2 C.F.R. § 200.344. Dkt. 79 at 3. Defendants cite no support for the notion that the closeout process displaces section 200.305(b)(3), however, and the regulations demonstrate otherwise.

First, section 200.305(b)(3) does not limit its applicability to the grant's period of performance (i.e., the period during which the grant is active, *see* 2 C.F.R § 200.1). The Office of Management and Budget—the author of 2 C.F.R. Part 200—knows how to limit a regulation to a grant's "period of performance" because it did so elsewhere in the very same regulation. *See* 2 C.F.R. § 200.305(b)(6).

Second, section 200.344 does not say anything about displacing section 200.305(b)(3). On the contrary, section 200.344(d) prohibits agencies from "delay[ing] payments" to grantees for appropriate "costs." More broadly, the closeout process focuses on completing administrative tasks, not resolving reimbursement requests for the first time. *See* 2 C.F.R. § 200.1 ("Closeout means the process by which the Federal agency or pass-through entity determines that all applicable administrative actions and all required work of the Federal award have been completed and takes actions as described in § 200.344."). For example, section 200.344 directs grantees to

submit reports, liquidate financial obligations, and refund unobligated funds while requiring the agency to make any "necessary adjustments to the Federal share of costs." Given this focus on administrative tasks, section 200.344 cannot be read to implicitly displace section 200.305(b)(3) and permit agencies to sit on reimbursement requests for at least one year. *See* 2 C.F.R. § 200.344(h) (directing agencies to "make every effort" to complete closeout within one year).

Third, Defendants' position leads to "absurd results." *United States ex rel. Streck v. Eli Lilly & Co.*, 152 F.4th 816, 834 (7th Cir. 2025). Plaintiffs each submitted some of their pending reimbursement requests more than 30 days before Defendants terminated Plaintiffs' grants. Dkts. 28-2 ¶ 25, 28-4 ¶ 16, 28-5 ¶ 17. Section 200.305(b)(3) required Defendants to resolve those reimbursement requests before Defendants terminated Plaintiffs' grants. Defendants did not do so. Yet under Defendants' view, they essentially cured pre-existing violations of section 200.305(b)(3) simply by terminating Plaintiffs' grants. That result would allow agencies to negate section 200.305(b)(3) at will.

Finally, Defendants appear to suggest that Plaintiffs may only seek an order requiring Defendants to resolve their reimbursement requests in the Court of Federal Claims. *See* Dkt. 79 at 1–2. That suggestion contradicts this Court's ruling that the Court has jurisdiction to resolve claims "challeng[ing] the government's decision to freeze funding." Dkt. 58 at 25. Plaintiffs seek "prospective" relief requiring Defendants to resolve Plaintiffs' requests—relief that offers only the "possibility" that Defendants "would have to pay" Plaintiffs because Defendants "could, in theory, still withhold the funds on a different basis." *Id.* at 24. That is equitable relief that the Court of Federal Claims "cannot grant and that therefore belong[s] in district court." *Id.* at 28; *see also Ferreiro v. United States*, 501 F.3d 1349, 1353 n.3 (Fed. Cir. 2007) ("An order compelling the

3

government to follow its regulations is equitable in nature and is beyond the jurisdiction of the Court of Federal Claims.").

## II. The Court Should Order Defendants To Reopen The SSP Payment Portal.

Plaintiffs' opening brief explained that Defendants have not reopened the portal through which grantees seek reimbursement, contrary to the Court's understanding that the preliminary injunction would allow grantees to submit future requests. Defendants respond that they need not permit grantees to request reimbursement for work performed after Defendants terminated SSP grants, *see* Dkt. 79 at 3–4, but that is not what Plaintiffs seek. Rather, Plaintiffs request that Defendants reopen the portal to enable grantees to seek reimbursement for work performed before Defendants terminated SSP grants. Although Plaintiffs submitted reimbursement requests through the closeout process, other grantees may not have done so. And if Defendants disallow costs in Plaintiffs' pending reimbursement requests, Plaintiffs should be allowed to submit amendments that provide additional detail about those costs or seek reimbursement for other pre-termination costs—a normal part of the reimbursement process. *See* Dkt. 28-4 ¶ 13 (discussing budget amendments). Reopening the portal is thus necessary to effectuate the Court's order preliminarily enjoining Defendants from freezing SSP funding and ending the program.

Dated: January 14, 2026

Respectfully Submitted,

| | | |
|---|---|---|
| Mary B. Richardson-Lowry<br>Corporation Counsel of the City of Chicago<br><br>By: */s/ Stephen Kane* | Michiko (Miko) Ando Brown,<br>City Attorney, City and County of Denver<br><br>By: */s/ Matthew Mulbarger* | Laura Conover<br>Pima County Attorney<br><br>By: */s/ Bobby Yu*<br>Samuel E. Brown (AZ Bar No. 027474) |

4

| | | |
|---|---|---|
| Stephen Kane (IL Bar N. 6272490)<br>Rachel Zemke (IL Bar N. 6324891)<br>121 North LaSalle Street, Room 600<br>Chicago, Illinois 60602<br>Tel: 312-744-6934<br>Stephen.kane@cityofchicago.org<br>rachel.zemke@cityofchicago.org<br>*Attorneys for Plaintiff City of Chicago* | Matthew J. Mulbarger (CO Bar No. 51918)<br>Denver City Attorney's Office<br>201 W Colfax Avenue<br>Denver, CO 80202<br>Tel: 720-913-8050<br>matthew.mulbarger@denvergov.org<br>*Attorney for Plaintiff City and County of Denver* | Bobby Yu (AZ Bar No. 031237)<br>Kyle Johnson (AZ Bar No. 032908)<br>Pima County Attorney's Office, Civil Division<br>32 N. Stone, Suite 2100<br>Tucson, Arizona 85701<br>Tel: (520) 724-5700<br>sam.brown@pcao.pima.gov<br>bobby.yu@pcao.pima.gov<br>kyle.johnson@pcao.pima.gov<br>*Attorneys for Plaintiff Pima County* |