# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| City of Chicago;<br>City and County of Denver; and<br>Pima County;<br><br>           *Plaintiffs,*<br>   vs.<br><br>United States Department of Homeland<br>Security; Markwayne Mullin, in his official<br>capacity as Secretary of the Department of<br>Homeland Security; United States Federal<br>Emergency Management Agency; Karen S.<br>Evans, in her official capacity as Acting<br>Administrator of the Federal Emergency<br>Management Agency;<br><br>           *Defendants.* | Case No. 25-cv-5463<br><br>Hon. Matthew F. Kennelly |

## JOINT MOTION FOR STAY OF CASE

The parties jointly move this Court to briefly stay this case, and in support state as follows:

1. In February 2026, the Court ordered Defendants to resolve reimbursement requests that Plaintiffs submitted before Defendants terminated Plaintiffs' grants under FEMA's Shelter and Services Program. Dkt. no. 86.

2. Subsequent to the Court's order, Defendants denied pre-termination reimbursement requests submitted by Plaintiffs Chicago and Denver while granting in part and denying in part pre-termination reimbursement requests submitted by Plaintiff Pima County.

3. In the interim, Plaintiffs filed a second motion to enforce the preliminary injunction. Dkt. no. 90. The Court granted that motion in part, requiring Defendants to resolve Plaintiffs' remaining reimbursement requests by May 11, 2026. Dkt nos. 98, 99. The Court has not yet resolved the part of Plaintiffs' Second Motion to Enforce related to non-plaintiff SSP

1

grantees but ordered Defendants to submit a status report on those grantees' reimbursement requests by May 11, 2026. Dkt. No. 99.

4.      Defendants have sent Plaintiffs "Requests for Information," which are written explanations and requests for further information about the reasons why Defendants denied Plaintiffs' pre-termination reimbursement requests. Defendants have represented that they will send more Requests for Information in the coming week.

5.      The parties expect that if Defendants deny Plaintiffs' remaining reimbursement requests in whole or in part, then then parties will engage in the Request for Information process as to those reimbursement requests as well.

6.      The parties anticipate that issuance of Requests for Information and the back and forth between the parties as they attempt to resolve any disputes about Plaintiffs' reimbursement requests will take about five weeks. The parties agree that any administrative appeal deadlines shall be stayed pending the resolution of the Request for Information process.

7.      To enable the parties to focus their resources most effectively, the parties request that the Court stay the case, including the Court's order requiring that Defendants update the Court on the status of non-plaintiff grantees' reimbursement requests as well as resolution of the remainder of Plaintiffs' Second Motion to Enforce the Preliminary Injunction, until June 11, 2026.

8.      District courts have inherent power to stay proceedings for any number of reasons, including to allow the parties to resolve an issue through an administrative process, *see Emhart Industries, Inc. v. Sankyo Seiki Mfg. Co.*, No. 85-cv-7565, 1987 WL 6314 (N.D. Ill. Feb. 2, 1987), or to resolve related litigation that may encourage settlement. *See Sledz v. Platt*, No. 22-cv-952, 2024 WL 6968809 (N.D. Ill. Dec. 6, 2024). Courts may consider whether a stay: "(1)

2

prejudices or disadvantages the non-moving party; (2) simplifies the issues and streamlines trial; and (3) reduces the burden of litigation." *Id.* at *2.

9. In this case, both parties are requesting the stay, so there is no concern about disadvantaging one party. The resolution of Plaintiffs' reimbursement requests may result in complete resolution of the case, or at least narrow the issues left for the Court to resolve, and would therefore substantially reduce the burden on the Court moving forward.

WHEREFORE, the parties request that the Court stay this case until June 11, 2026, including the requirement that Defendants submit a report on non-plaintiff grantees' reimbursement requests.

Dated: May 7, 2026.

Respectfully submitted,

| | | |
|---|---|---|
| Mary B. Richardson-Lowry<br>Corporation Counsel of the City of Chicago | Michiko (Miko) Ando Brown, City Attorney, City and County of Denver | Laura Conover<br>Pima County Attorney |
| By: */s/ Stephen Kane*<br>Stephen Kane (6272490)<br>Rachel Zemke (6324891)<br>121 North LaSalle Street, Room 600<br>Chicago, Illinois 60602<br>Tel: 312-744-6934<br>Stephen.kane@cityofchicago.org<br>rachel.zemke@cityofchicago.org<br>*Attorneys for Plaintiff City of Chicago* | By: */s/ Matthew Mulbarger*<br>Matthew J. Mulbarger (CO Bar No. 51918)<br>Denver City Attorney's Office<br>201 W Colfax Avenue<br>Denver, CO 80202<br>Tel: 720-913-8050<br>matthew.mulbarger@denvergov.org<br>*Attorney for Plaintiff City and County of Denver* | By: */s/ Kyle Johnson*<br>Samuel E. Brown (AZ 027474)<br>Bobby Yu (AZ 031237)<br>Kyle Johnson (AZ 032908)<br>Pima County Attorney's Office, Civil Division<br>32 N. Stone, Suite 2100<br>Tucson, Arizona 85701<br>Tel: (520) 724-5700<br>sam.brown@pcao.pima.gov<br>bobby.yu@pcao.pima.gov<br>kyle.johnson@pcao.pima.gov<br>*Attorneys for Plaintiff Pima County* |

ANDREW S. BOUTROS
United States Attorney

By: s/ Patrick Johnson _____
THOMAS P. WALSH
PATRICK JOHNSON                    cont.,

3

Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5327
(312) 353-5312
thomas.walsh2@usdoj.gov
patrick.johnson2@usdoj.gov