**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, CITY AND COUNTY OF DENVER, and PIMA COUNTY, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | **Case No. 25 C 5463** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY UNITED STATES FEDERAL EMERGENCY MANAGEMENT AGENCY, and DAVID RICHARDSON, IN HIS OFFICIAL CAPACITY AS ACTING ADMINISTRATOR OF THE UNITED STATES FEDERAL EMERGENCY MANAGEMENT AGENCY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The City of Chicago; the City and County of Denver, Colorado; and Pima County, Arizona have sued various government agencies and officials, challenging the government's decisions to freeze funding for and ultimately eliminate the Shelter and Services Program (SSP). The plaintiffs claim that the government's decisions are unconstitutional, ultra vires, and in violation of the Administrative Procedure Act (APA).

On June 20, 2025, the plaintiffs filed a motion for a preliminary injunction, asking the Court to order the government to unfreeze SSP funds and process pending and future SSP funding claims. On October 31, 2025, the Court granted the plaintiffs'

motion in part.  On November 3, 2025, the Court entered an order precluding the government from terminating the SSP or withholding SSP funds for the reasons challenged by the plaintiffs.  On December 19, 2025, the plaintiffs filed a motion asking the Court to enforce its November 2025 order.  On February 9, 2026, the Court granted the plaintiffs motion in part.

The plaintiffs have now filed a second motion asking the Court to enforce its November 2025 order.  They ask the Court to order the government to process two categories of reimbursement claims:  (1) claims submitted by the plaintiffs related to costs incurred before the grants were terminated, even if the claims were submitted after termination, and (2) claims submitted by SSP grantees other than the plaintiffs.  On April 27, 2026, the Court partially granted the plaintiffs' second motion to enforce, directing the defendants to determine, by May 11, 2026, the plaintiffs' additional reimbursement claims.  The Court took the motion under advisement as to reimbursement claims submitted by other SSP grantees and rules on that aspect of the motion in this order.

**Background**

In 2022 and 2023, Congress appropriated funding in certain amounts to DHS / FEMA "to support sheltering and related activities provided by non-Federal entities, including facility improvements and construction, in support of relieving overcrowding in short-term holding facilities of U.S. Customs and Border Protection."  Consolidated Appropriations Act, Pub. L. No. 117-328, Div. F, Title II, 136 Stat. 4459, 4730 (2022); Further Consolidated Appropriations Act, Pub. L. No. 118-47, Div. C, Title II, 138 Stat. 460, 598 (2024).

2

On March 11, 2025, the government informed grantees in a letter that it was temporarily withholding SSP payments because it had "significant concerns that SSP funding was going to entities engaged in or facilitating illegal activities." *See* 2 C.F.R. § 200.339(a) (authorizing a federal agency to temporarily withhold payments if the grantee fails to comply with federal law and such noncompliance cannot be remedied by imposing specific conditions). On April 1, 2025, the government sent a letter to grantees stating that SSP grants were terminated effective immediately based on the same concerns.

On June 20, 2025, the plaintiffs filed a motion for a preliminary injunction, asking the Court to order the government to unfreeze SSP funds and process pending and future SSP funding claims. On October 31, 2025, the Court granted the plaintiffs' motion in part. The Court found that the plaintiffs were likely to succeed on their separation of powers and APA claims because the reasons articulated for freezing SSP funds and terminating the SSP in the March and April 2025 letters were arbitrary and capricious. *City of Chicago v. DHS*, 815 F. Supp. 3d 727, 735 (N.D. Ill. 2025). In its preliminary injunction order, entered on November 3, 2025, the Court enjoined the government from "withholding FY2023 and FY2024 Shelter and Services Program funding for the reasons identified in the March 11 and April 1 letters." Prelim. Inj. Order at 2.

On November 4, 2025, the government moved to clarify that the preliminary injunction applies only to the plaintiffs in this case, rather than all SSP grantees. On November 13, 2025, the Court denied the government's motion. The Court explained that the APA authorized vacatur of DHS's rationale for withholding SSP funding and thus

applied to all SSP grantees, including non-parties. *City of Chicago v. DHS*, No. 25 C 5463, 2025 WL 3171302, at *1–3 (N.D. Ill. Nov. 13, 2025). The government did not appeal either the entry of the preliminary injunction or the denial of the motion to clarify, nor did it seek reconsideration or a stay.

On December 19, 2025, the plaintiffs filed a motion asking the Court to enforce its November 2025 order. On February 9, 2026, the Court granted the plaintiffs' motion in part. The Court ordered the government to comply with the Court's order by processing, pursuant to 2 C.F.R. § 200.305(b)(3), all reimbursement claims submitted before an SSP grant was terminated. *City of Chicago v. DHS*, No. 25 C 5463, 2026 WL 353581, at *1 (N.D. Ill. Feb. 9, 2026). The government did not appeal or seek a stay of this order either.

The plaintiffs have now filed a second motion asking the Court to enforce its November 2025 order. The plaintiffs ask the Court to order the government to process two categories of reimbursement claims: (1) claims submitted by the plaintiffs related to costs incurred before the grants were terminated, even if they were submitted after termination, and (2) claims submitted by SSP grantees other than the plaintiffs. As indicated earlier, the Court has already granted the plaintiffs' motion as to the first of these categories. The Court took the motion under advisement as to reimbursement claims submitted by other SSP grantees.

### Discussion

The government does not dispute that it has not processed reimbursement claims for SSP grantees who are not named parties in this case. The Court previously explained that 2 C.F.R. § 200.305(b) governs the requirements for processing payments

4

from a federal agency to a recipient of federal funds other than a state and 2 C.F.R. § 200.344 sets out the closeout process that a federal agency and grantee must follow after a grant has been terminated. *City of Chicago*, 2026 WL 353581, at *2. When the Court granted the plaintiffs' first motion to enforce, it rejected the government's argument that the closeout process—governed by section 200.344—supplanted the payment requirements in section 200.305(b)(3). *Id.* at *3. Thus reimbursement claims for costs incurred before grant termination are governed by 2 C.F.R. § 200.305(b)(3). *Id.* at *4. The Court concluded that, based on its November 2025 preliminary injunction order, the government was required to comply with 2 C.F.R. § 200.305(b)(3) by either reimbursing SSP grantees or explaining why such reimbursement claims were improper within 30 days of the order. *Id.* at *6.

The Court noted that the government stated at oral argument on the motion to enforce that it would have done "nothing" differently if the Court had not entered its November 2025 order. *Id.* at *3 (citing Feb. 4, 2026 Tr. at 55). When asked what effect the Court's order had, the government replied that it may have precedential value in other cases but did not require DHS to take any action. *Id.* The Court disagreed. The order barred DHS from withholding SSP funding for the reasons it articulated in the March 11 and April 1 letters. Without that rationale, the agency has stated no reason for refusing to process reimbursement claims for costs incurred before the SSP grants were terminated in April 2025. In other words, the government effectively ignored the preliminary injunction order or treated it as a non-event.

The government continues to take the position that the Court's order requires it to do nothing with respect to the reimbursement claims submitted by non-party SSP

5

grantees. But the government previously moved to limit the preliminary injunction to the plaintiffs in this case, rather than all SSP grantees, and the Court denied that motion. *City of Chicago*, 2025 WL 3171302, at *1. Thus the Court has already clarified that its November 2025 order applies to non-party SSP grantees.

Still, according to the government, "it does not automatically follow that as a result, non-party SSP grantees should have their pre-termination reimbursement claims resolved within 30 days of such vacatur." Defs.' Resp. at 2–3. The government contends that it is not required to process the reimbursement claims for non-party SSP grantees because the plaintiffs do not have standing to seek additional enforcement relief on behalf of non-parties. Specifically, the government notes that two other SSP grantees currently have ongoing litigation addressing some of the same issues in this case and at least one SSP grantee had no outstanding reimbursement claims at the time of its grant termination. The government also argues that the plaintiffs do not know whether other SSP grantees "wish to have their pre-termination reimbursement claims resolved separate from the closeout process under 2 CFR § 200.344, if they wish to have pre-termination reimbursement claims resolved at all." Defs.' Resp. at 3.

The government's contention that it does not have to process the other grantees' claims comes far too late in the day. The government sought "clarification" on this point—in effect, seeking reconsideration—and the Court overruled its request. The government could have appealed the preliminary injunction, or the denial of the motion to clarify. But it chose not to do so. At this point, the government does not have the option of disregarding the Court's orders; it is required to comply with them.

The government's decision to do nothing with respect to non-party SSP grantee

reimbursement claims amounts to disregard, if not defiance, of the Court's orders. The Court previously concluded that 2 C.F.R. § 200.305(b)—not 2 CFR § 200.344—governs the processing of reimbursement claims for costs incurred before a grant was terminated. And the Court previously clarified that its November 2025 order applies to all SSP grantees. In short, the Court's order applies to non-party SSP grantees, even if they are party to similar litigation pending in a different district.

The government's point that at least one SSP grantee has no outstanding reimbursement claims is also confusing. If an SSP grantee has no outstanding reimbursement claims, the Court's order and 2 C.F.R. § 200.305(b) do not apply to that grantee. Finally, the government does not cite any evidence that other SSP grantees *do not* wish to have their pre-termination reimbursement claims processed as required by the statute. The Court will not limit its order or the statute based on the government's assertion of this point alone. The Court's November 2025 order, and section 200.305(b), thus require that the government process all reimbursement claims submitted by non-party SSP grantees for costs incurred before the SSP grants were terminated.

**Conclusion**

For the reasons stated above, the Court grants the plaintiffs' second motion to enforce the Court's November 3, 2025 order [dkt. no. 90] as to reimbursement claims submitted by non-party SSP grantees. By May 22, 2026, the government must comply with the Court's order by processing, pursuant to 2 C.F.R. § 200.305(b)(3), all reimbursement claims submitted by non-party SSP grantees for costs incurred before

an SSP grant was terminated.[1]  A status report regarding additional reimbursement claims shall be filed on May 27, 2026.  Any earlier status report due dates are stricken. The case is set for a telephonic status hearing on June 1, 2026 at 9:10 AM, using call-in number 650-479-3207, access code 2305-915-8729.

Date:  May 7, 2026

_____
MATTHEW F. KENNELLY
United States District Judge

---

[1] The government requested that the Court allow the defendants to file a status report informing the Court of the circumstances of each non-party SSP grantee two weeks after the DHS shutdown.  Because the shutdown ended on April 30, 2026, this request is now moot.